UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

RICHARD BUTERBAUGH,

Defendant.

**DECISION AND ORDER**

17-CR-00203(FPG)(JJM)

---

Defendant Richard Buterbaugh is charged in an Amended Petition [104][1] with violating three conditions of his supervised release: forcible rape on December 9, 2020, in violation of state law (Charge 1); failure to report his arrest for that incident (Charge 2); and simple assault on January 9, 2021, in violation of state law (Charge 3). On February 3, 2021 a preliminary hearing was held before me [113]. The purpose of that hearing was "to determine whether there is probable cause to believe that a violation occurred" (Fed. R. Crim. P. ("Rule") 32.1(b)(1)(A)), and to decide whether Buterbaugh should be detained or released pending a violation hearing before District Judge Frank P. Geraci, Jr., currently scheduled for February 18, 2021.

Having considered the parties' submissions [114, 115] and heard the testimony of U.S. Probation Officer Specialist Tammi S. Rogers at the preliminary hearing, for the following reasons I conclude that the government has demonstrated probable cause supporting Charge 2 of the Amended Petition, but not Charges 1 and 3. I further conclude that Buterbaugh should be released pending Judge Geraci's consideration of all three charges of the Amended Petition.

---

[1]    Bracketed references are to CM/ECF docket entries, and page references are to CM/ECF pagination (upper right corner of the page).

## DISCUSSION

A.   **Charge 2 of the Amended Petition**

The purpose of a preliminary hearing "is to ensure there is probable cause to hold the defendant for the final decision of the district court on revocation". United States v. Pearson, 787 Fed. App'x 511, 514 (10th Cir. 2019), cert. denied, ___U.S.___, 140 S. Ct. 943 (2020). "The magistrate judge's role is simply to determine whether the government has presented sufficient evidence to hold the defendant for further proceedings, not to pass on the accused's guilt or innocence." United States v. Garcia, 2014 WL 12819401, *3 (S.D. Tex. 2014).

"[T]he Magistrate Judge need only determine there is probable cause to believe that a supervised release condition has been violated (citation omitted). Probable cause exists when the Government presents evidence sufficient to cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief that the accused committed the violation of supervised release . . . . Proof of probable cause requires less evidence than the proof required to prove a violation - but more than bare suspicion." Id., *2. "[P]robable cause is a fluid concept - turning on the assessment of probabilities in particular factual contexts", Illinois v. Gates, 462 U.S. 213, 232 (1983), and "is a lower standard than preponderance of the evidence". Clark v. Astrue, 602 F.3d 140, 147 (2d Cir. 2010). "All we have required is the kind of 'fair probability' on which reasonable and prudent people, not legal technicians, act." Florida v. Harris, 568 U.S. 237, 244 (2013).

At the preliminary hearing, the government elected to address probable cause only as to Charge 2 of the Amended Petition, namely Buterbaugh's alleged failure to report his December 11, 2020 arrest. [113], pp. 11-12. As to why he was not addressing Charges 1 and 3, AUSA Evan Glaberson explained that "the preliminary hearing does not exist to have two bites

at the apple to cross-examine all the witnesses; to force a victim of domestic violence to appear and be cross-examined in this hearing as well as a hearing that's going to occur in a week; It's not a device to demand all the discovery that is required for a revocation hearing before the preliminary hearing." Id., p. 13.

The government called Ms. Rogers as a witness. Buterbaugh's attorney, AFPD Fonda Kubiak, objected that "Ms. Rogers was not the supervising officer in this case and she has no personal knowledge with respect to any of the matters she intends to testify". Id., p. 8. "It's unclear to me, Judge, why there is not going to be testimony by Officer Stewart himself [Brandon Stewart, Buterbaugh's probation officer in Pennsylvania]. He is available to testify and he hasn't been produced." Id. However, Rule 32.1(b)(1)(B)(iii) gives a defendant the right to question an adverse witness only "upon request", and AUSA Glaberson stated that he "never received a request . . . that adverse witnesses be called". [113], p. 6.[2] Therefore, I allowed Ms. Rogers to testify concerning her conversations with USPO Brandon Stewart.[3] She testified that Stewart told her that, other than two text messages from Buterbaugh which did not mention his arrest [110-1, 110-2], he had no communication from Buterbaugh. [113], pp. 23, 38.

In concluding that probable cause had been established with respect to Charge 2 of the Amended Petition, I reasoned that Ms. Rogers "signed the Amended Petition under declaration of penalty of perjury. What that means is that she had to be aware of that if questioned and if Mr. Stewart . . . the person who allegedly gave her this information,

---

[2]   While the parties have exchanged several e-mails yesterday and today concerning whether production of witnesses was or was not requested at an earlier date, I conclude that Mr. Stewart's production was not requested in time for the February 3 hearing.

[3]   *See* United States v. Harris, 838 F.3d 98, 107 (2d Cir. 2016) ("[b]ecause revocation proceedings are not deemed part of a criminal prosecution, neither the Confrontation Clause nor the Federal Rules of Evidence strictly apply to out-of-court statements").

contradicted her, then she might herself be guilty of perjury. Probable cause is not proof beyond a reasonable doubt. It's not even proof by preponderance of the evidence. It's just whether taking a common sense and real world view of things, there is a basis to believe that in this case a violation may have occurred . . . . [A]ccording to Ms. Rogers, Mr. Stewart told her that Mr. Buterbaugh sent a couple of text messages, which are in the document which we . . . have discussed. But otherwise that there was no report of . . . his December 11th arrest." Id., pp. 43-44.

**B.     Charges 1 and 3 of the Amended Petition**

Although I found probable cause with respect to Charge 2 of the Amended Petition, I did not "find probable cause with respect to charges one and three because those weren't the subject of" the February 3 preliminary hearing. Id., p. 45. I invited the parties to address the status of Charges 1 and 3, and they have now done so. *See* Buterbaugh's Memorandum of Law [114], government's Memorandum of Law [115].

Buterbaugh argues that I have the authority dismiss charges as to which probable cause has not been found. *See* United States v. Sisimit-Sanic, 305 F. Supp. 3d 1351, 1358 (S.D. Fla. 2018) ("the Court finds that there is no probable cause to support Violation #2 of the Amended Petition and it is hereby **DISMISSED** pursuant to [Rule] 32.1(b)(1)(c) at this preliminary hearing stage. The Court finds that the Court has jurisdiction over Violation #1 and that there is probable cause to support Violation #1 of the Amended Petition").

The government argues the contrary. *See* Pearson, 787 Fed. App'x at 514 ("[n]othing in the language of Rule 32.1(b) or its purpose suggests the defendant is entitled to dismissal of individual violations if the magistrate judge determines at the preliminary hearing

that probable cause exists for some but not all of the alleged violations. So long as the magistrate judge finds probable cause for at least one alleged violation, the proceeding, including any of the alleged violations the government decides to pursue, continues to a revocation hearing before the district court").

Although there is little case law addressing this question, I believe that the government has the better of the argument, particularly since Rule 32.1(b)(1)(A) authorizes a preliminary hearing only "[i]f a person is in custody". As the government points out, "because the preliminary hearing is only available to detained offenders, it would afford a detained offender double the opportunity to challenge his petition that a similarly situated, but released, offender facing identical charges would receive". Government's Memorandum of Law [115], p. 9. Therefore, I conclude that Charges 1 and 3, like Charge 2, may be addressed at the February 18 revocation hearing before Judge Geraci.

### C.     Buterbaugh's Status Pending the Revocation Hearing

In asking that Buterbaugh "be detained pending his revocation hearing on February 18, 2021", the government argues that it "demonstrated on the record at the conclusion of the February 3, 2021 hearing that the defendant poses both a risk of flight and a danger to the community". Government's Memorandum of Law [115], pp. 9-10. However, the government did so by arguing matters for which it elected *not* to show probable cause. *See* [113], pp. 47-48.

The government cannot have it both ways. Since it argues that "the purpose of the preliminary hearing is . . . to ensure there is probable cause to hold the defendant for the final decision of the district court on revocation" (government's Memorandum of Law [115], p. 5), it must offer probable cause for doing so. For its own strategic reasons, the

-6-

government elected not to address probable cause as to the two most serious charges at the preliminary hearing. My finding of no probable cause as to those charges means that I cannot "conscientiously entertain a reasonable belief" that those violations occurred. Garcia, *2.[4]

Under Rule 32.1(a)(6), Buterbaugh bears "[t]he burden of establishing by clear and convincing evidence that [he] will not flee or pose a danger to any other person or to the community". However, in the absence of probable cause to support Charges 1 and 3 of the Amended Petition, I conclude that he has satisfied that burden. Accordingly, pending the revocation hearing before Judge Geraci, he is to be released on the previously imposed conditions of supervised release, plus the added condition that he have no contact or communication, directly or indirectly, with the individual who is the subject of Charges 1 and 3 of the Amended Violation Petition .

SO ORDERED.

Dated: February 5, 2021.

JEREMIAH J. MCCARTHY
United States Magistrate Judge

---

[4]  By contrast, in Garcia the court detained the defendant because the alleged violations for which it *had* found probable cause "were crimes of violence". Id., *4.